## NEW ORLEANS *v.* MRS. JETER

As regards collection of revenue, mode of citation is within the control of the Legislature.
Appellant must see that the transcript is complete, and can derive no benefit from omission.
A clerical error in a judgment, by which the husband's and not the wife's name is inserted, where
tax bills are in her name, not regarded.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Heistand & Levy*, for plaintiff. *Steele*, for defendant and appellant.

BUCHANAN, J. The defendant and appellant assigns for error in the judg-
ment rendered against her in the court below:

1st. That she was not cited properly, no notice of any kind having been
served on her.

In reply to this ground of error, it is sufficient to say that the
form of citation is a matter entirely within the control of the Legislature; and
in this particular kind of suit, to-wit: a suit to enforce the payment of city
taxes, the Legislature has declared the publication in the newspaper to be
equivalent to personal service.

2d. That the judgment was rendered without any evidence of assessment,
no proof having been made thereof in the lower court.

In the note of the evidence adduced on the trial in the District Court, we
find the following: " Plaintiff introduced in evidence the assessment rolls for
this city and parish, for the year 1854." By agreement of parties in the re-
cord, an extract from the assessment rolls was to' have been copied into the
transcript of appeal. This has not been done. But the appellant can derive
no benefit from this omission. It was for her to have seen that her transcript

NEW ORLEANS
*v.*
JETER.

was complete. She has not suggested any diminution of the record, as she might have done; but has thought fit to go to trial upon an incomplete record.

The last ground of error assigned, is that the judgment is against appellant's husband, and appellant's property is subjected o a privilege for its payment.

By a clerical error the name of *John T. Jeter* is in the judgment; but the two bills are against Mrs. *John T. Jeter.* She acknowledges that the property liable to this taxation, belongs to her; and although possibly the husband might have cause to complain of the clerical error in question, it is not perceived how the appellant, Mrs. *Jeter*, is prejudiced by it.

Judgment affirmed, with costs.